UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIDNEY MARTS,

    Petitioner,

v.                                      Case No.  4:18cv552-RH-CJK

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  (Doc. 1).  The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that this action should be summarily dismissed because petitioner's claim is cognizable only under 42 U.S.C. § 1983.

## BACKGROUND

Petitioner is an inmate of the Florida Department of Corrections (FDC) currently confined at Taylor Correctional Institution.  Petitioner alleges the Florida courts "fraudulent[ly]" enjoined him from filing any pleadings or other requests for relief related to his underlying criminal case unless the filing is signed by a member of The Florida Bar in good standing.  (Doc. 1, pp. 1-2 (identifying *Marts v. Jones*,

Case No. SC18-1163 (Fla. 2018), as the Florida Supreme Court case where sanction was imposed)). Petitioner claims the FDC is denying him access to the courts because it has a policy of instituting disciplinary procedures against inmates who are found by a court to be abusive litigants. (Doc. 1, pp. 2-3); *see also* Fla. Stat. § 944.279(1) (providing for the institution of prison disciplinary procedures, pursuant to FDC rules, against a prisoner who is found by a court to have filed frivolous or malicious actions). Petitioner concedes that his claim challenges the conditions of his confinement, but nonetheless argues federal habeas relief is available "[b]ecause the court order from Florida Supreme Court, and prison discipline[a]ry sanctions implies a detrimental impact on execution of sentence, which customary [sic] prohibits any attack on legality of sentence itself through state court, or 28 U.S.C. § 2254." (Doc. 1, pp. 2-3). As relief, plaintiff seeks an order requiring the respondent "to show cause forthwith." (*Id.*, p. 3).

## DISCUSSION

The habeas statute authorizes summary dismissal of a petition if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "An inmate convicted and sentenced under state law may seek federal relief under two primary avenues: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *Hutcherson v. Riley*, 468 F.3d

*Case No. 4:18cv552-RH-CJK*

750, 754 (11th Cir. 2006) (internal quotation marks and citation omitted). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004); *Hutcherson* at 754. "[T]hese avenues are *mutually exclusive*: if a claim can be raised in a federal habeas petition, that same claim cannot be raised in a separate § 1983 civil rights action." *Hutcherson* at 754 (emphasis added). "The converse is equally true, and the district court should dismiss a habeas petition raising a claim available under § 1983." *Kerlin v. Barnard*, No. 18-11221, — F. App'x —, 2018 WL 5881821, at *1 (11th Cir. Nov. 9, 2018); *see also McNabb v. Comm'r Ala. Dep't of Corr.,* 727 F.3d 1334, 1344 (11th Cir. 2013) (dismissing death-sentenced prisoner's habeas claim challenging the method of his execution, because the claim was not an attack on the validity of his conviction or sentence but instead a challenge to a circumstance of his confinement; rejecting prisoner's argument that the claim was cognizable on habeas review because it challenged the execution of his sentence).

Although petitioner filed this action as a habeas corpus proceeding under 28 U.S.C. § 2241, his claim – that he is being denied access to the courts – relates to the

conditions of his confinement, not the validity of his underlying criminal conviction or sentence, and is cognizable under § 1983. *See Martin v. Wainwright*, 526 F.2d 938, 939 (5th Cir. 1976) (holding that a claim alleging a denial of access to courts is cognizable under § 1983). Success by petitioner on his claim would not necessarily affect his release. Accordingly, this action should be dismissed. *See, e.g., Kerlin*, *supra* (affirming dismissal of § 2241 habeas petition brought by state inmate claiming state officials unconstitutionally refused to consider whether he was eligible for parole; inmate's parole claim could be asserted under § 1983, and, therefore, could not be brought in a habeas petition). If petitioner wishes to pursue his access to courts claim, he must file a § 1983 action.

Accordingly, it is respectfully RECOMMENDED:

1. That this action be DISMISSED without prejudice.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 4th day of December, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.